23-810-cv
Cervecería Modelo de México, S. de R.L. de C.V. v. CB Brand Strategies, LLC

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand twenty-four.

PRESENT:  JOSÉ A. CABRANES,
 RICHARD C. WESLEY,
 RAYMOND J. LOHIER, JR.,
  *Circuit Judges*.

------------------------------------------------------------------
CERVECERÍA MODELO DE MÉXICO, S. DE R.L.
DE C.V., TRADEMARKS GRUPO MODELO, S.
DE R.L. DE C.V.,

 *Plaintiffs-Appellants*,

 v. No. 23-810-cv

CB BRAND STRATEGIES, LLC, CROWN
IMPORTS LLC, COMPAÑÍA
CERVECERA DE COAHUILA, S. DE R.L. DE
C.V.,
 *Defendants-Appellees.**
------------------------------------------------------------------

* The Clerk of Court is directed to amend the caption as set forth above.

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | JEFFREY B. WALL, Sullivan & Cromwell LLP, Washington, DC (Robert A. Sacks, Akash M. Toprani, Sullivan & Cromwell LLP, New York, NY, Judson O. Littleton, Sullivan & Cromwell LLP, Washington, DC, Michael H. Steinberg, Sullivan & Cromwell LLP, Los Angeles, CA, Sean F. O'Shea, Michael E. Petrella, Matthew M. Karlan, Cadwalader, Wickersham & Taft LLP, New York, NY, *on the brief*) |
| FOR DEFENDANTS-APPELLEES: | SANDRA C. GOLDSTEIN, Kirkland & Ellis LLP, New York, NY (Stefan Atkinson, Robert W. Allen, Daniel R. Cellucci, Kirkland & Ellis LLP, New York, NY, George W. Hicks, Jr., Kirkland & Ellis LLP, Washington, DC, Sierra Elizabeth, Kirkland & Ellis LLP, Los Angeles, CA, *on the brief*) |

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiffs-Appellants Cervecería Modelo de México, S. de R.L. de C.V. and Trademarks Grupo Modelo, S. de R.L. de C.V. (collectively, "Modelo") appeal

2

from a judgment entered on March 15, 2023 by the United States District Court for the Southern District of New York (Kaplan, *J.*), after a jury trial, in favor of Defendants-Appellees CB Brand Strategies, LLC, Crown Imports LLC, and Compañía Cervecera de Coahuila, S. de R.L. de C.V. (collectively, "Constellation"). We assume the parties' familiarity with the underlying facts, issues on appeal, and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Modelo's trademarks are known throughout the world and include the well-known Corona and Modelo trademarks. In 2013 Modelo granted Constellation a perpetual license (the "Sublicense") to use Modelo's trademarks to produce and sell "Beer" in the United States. The Sublicense defines "Beer" as "beer, ale, porter, stout, malt beverages, and any other versions or combinations of the foregoing, including non-alcoholic versions of any of the foregoing." Joint App'x 2105. This case arose because Constellation introduced Corona Hard Seltzer and Modelo Ranch Water (collectively, "Corona Hard Seltzer"). Both products are flavored, carbonated beverages in which the alcohol content derives from a base of fermented sugar. Modelo sued, alleging that Constellation's sales of Corona Hard Seltzer violated the licensing

agreement because sugar-based hard seltzers are not "Beer" as defined in the Sublicense. After discovery, Modelo moved for summary judgment on that basis. The District Court denied summary judgment after determining that the definition of "Beer" in the Sublicense was ambiguous and that its meaning presented a fact issue to be resolved by a jury. At trial, a jury found that Modelo failed to establish that Corona Hard Seltzer was not "Beer" as defined in the Sublicense.

Modelo appeals the District Court's denial of summary judgment, arguing that the Sublicense's definition of "Beer" was unambiguous as a matter of law. It also challenges the District Court's jury instructions and the exclusion of certain trial evidence. We reject these challenges and affirm.

### I.  The Denial of Summary Judgment[1]

Under New York law, which the parties agree applies, "[a]scertaining whether or not a writing is ambiguous is a question of law for the trial court." *Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan*, 7 F.3d 1091, 1094 (2d Cir. 1993). Generally, "a motion for summary judgment may be granted in a

---

[1] The Court reviews the denial of summary judgment *de novo*. *See Sayers*, 7 F.3d at 1094.

4

contract dispute only when the contractual language on which the moving party's case rests is found to be wholly unambiguous and to convey a definite meaning." *Topps Co. v. Cadbury Stani S.A.I.C.*, 526 F.3d 63, 68 (2d Cir. 2008). "Contract language is ambiguous if it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement." *Sayers*, 7 F.3d at 1095 (quotation marks omitted).

In interpreting a contract, our "primary objective" is to "give effect to the intent of the contracting parties as revealed by the language they chose to use." *Id.* at 1094 (quotation marks omitted). "The words and phrases used by the parties must, as in all cases involving contract interpretation, be given their plain meaning." *Brooke Grp. Ltd. v. JCH Syndicate 488*, 87 N.Y.2d 530, 534 (1996). But "[w]here contract language is ambiguous, interpretation of the language's meaning, and hence, determination of the parties' intent, is a question for the jury." *Werbungs Und Commerz Union Austalt v. Collectors' Guild, Ltd.*, 930 F.2d 1021, 1025–26 (2d Cir. 1991).

Modelo argues that the Sublicense plainly excludes Corona Hard Seltzer because sugar-based hard seltzers are plainly not "beer," "malt beverages," or

5

"versions or combinations of the foregoing." Joint App'x 2105. Relying on dictionary definitions and "plain meaning," Appellants' Br. 33, Modelo maintains that "beer" clearly and exclusively means a fermented alcoholic beverage brewed from malt and flavored with hops, while "malt beverages" clearly and exclusively refers to drinks made with malt. Because Corona Hard Seltzer lacks malt,[2] Modelo argues, it cannot qualify as either "beer" or "malt beverages."

We assume without deciding that the plain and ordinary meaning of the terms "beer" and "malt beverages" excludes Corona Hard Seltzer. But the contract adds language that extends the scope of "Beer" to "versions" of beer and malt beverages. Joint App'x 2105. Modelo argues that the only reasonable reading of "versions" is that it is limited to beverages sharing common characteristics of beer and malt beverages. Modelo thus contends a "malt-free, hops-flavorless" beverage cannot plausibly be considered a "version[]" of either. Appellants' Br. 48. As Constellation points out, however, Modelo's

---

[2] The parties agree that Corona Hard Seltzer is *brewed* with hops, but dispute whether the presence of these hops provide any hops *flavoring* to the final product. Resolving this factual dispute as to the presence of hops flavoring in Corona Hard Seltzer does not affect our decision to affirm.

6

interpretation is hard to square with the fact that the Sublicense explicitly allows for "non-alcoholic versions" of beer and malt beverages, even though Modelo's dictionary definitions uniformly define "beer" as containing alcohol. Joint App'x 2105. Constellation urges that the Sublicense's language permitting "any other versions," in addition to "non-alcoholic versions," suggests that a beverage without other essential elements of beer (such as malt or hops) will remain covered by the Sublicense.

We find that both parties' readings of the scope of the term "versions" are plausible. As a result, it is unclear whether the Sublicense's definition of "Beer" includes Corona Hard Seltzer. We therefore conclude that the relevant contractual language is ambiguous as it applies to Corona Hard Seltzer and that the District Court properly denied summary judgment and permitted the case to proceed to trial.[3]

---

[3] Relying on *Morse/Diesel, Inc. v. Trinity Indus., Inc.*, 67 F.3d 435, 439–40 (2d Cir. 1995), Modelo argues that it is entitled to a new trial if we determine that the definition of "Beer" is ambiguous while the specific terms "beer" and "malt beverages" are unambiguous. We disagree. As stated above, the term "versions" in the definition of "Beer" introduces an ambiguity that makes it unclear whether "Beer" includes Corona Hard Seltzer. The ambiguity differentiates this case from *Morse/Diesel*, which involved an unambiguous contract provision the interpretation of which should not have been submitted to the jury. *See id.* Modelo provides no support for its argument that,

## II. Jury Instructions on Contract Interpretation

As noted, Modelo also challenges the jury instructions at trial, which we review *de novo*. *See Boyce v. Soundview Tech. Grp., Inc.*, 464 F.3d 376, 390 (2d Cir. 2006). Modelo claims that the District Court failed to "instruct the jury that undefined words in a contract should be given their plain and ordinary meaning," Appellants' Br. 52, and compounded its error by first telling the jury to ignore any reference to dictionary definitions and then instructing that it may consider certain regulatory definitions of beer.

We are not persuaded. The District Court's jury instructions focused first on the relevant contractual terms and then any extrinsic evidence of the parties' intent in the form of "the facts and circumstances in which the contract was negotiated and agreed upon." Joint App'x 2054–55; *see id.* 2052.

When viewed as a whole, the jury instructions told the jury that it was entitled to interpret an ambiguous contract by resorting not only to "natural and

---

having found the definition of "Beer" to be ambiguous, the District Court was required to parse and determine the ambiguity (or lack thereof) of every component word in that definition while instructing the jury. *Cf. Gary Friedrich Enters., LLC v. Marvel Characters, Inc.*, 716 F.3d 302, 313 (2d Cir. 2013) ("[W]e do not consider particular phrases in isolation, but rather interpret them in light of the parties' intent as manifested by the contract as a whole.").

8

ordinary usage" of the terms in the Sublicense, but also to "extrinsic evidence in the record" and the "purpose of the agreement." *Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 232 F.3d 153, 161 (2d Cir. 2000). Accordingly, we reject Modelo's challenge to the jury instructions.

### III. Motion *in Limine* to Exclude DOJ-Constellation Correspondence

Modelo also challenges the District Court's decision to exclude evidence at trial. Our review is highly deferential. *See In re 650 Fifth Ave & Related Props.*, 934 F.3d 147, 169 (2d Cir. 2019). Modelo contends that the District Court should have admitted evidence of Constellation's 2020 correspondence with the U.S. Department of Justice ("DOJ") regarding whether Modelo's threat to sue over Corona Hard Seltzer violated the 2013 Final Judgment in which Modelo agreed to sell its U.S.-based business to Constellation. The District Court excluded that evidence because it was irrelevant and its probative value would be substantially outweighed by the risk of confusion and delay. *See* Fed. R. Evid. 403.

The District Court acted within its discretion in excluding this evidence. Even assuming that the DOJ correspondence was relevant as rebuttal evidence, "the district court did not abuse its discretion in holding, in the alternative, that

9

the [evidence] should be excluded under Fed. R. Evid. 403 because the likelihood that it would confuse the jury and protract the proceedings outweighed its probative value." *City of N.Y. v. Pullman Inc.*, 662 F.2d 910, 915 (2d Cir. 1981). In particular, admitting DOJ's finding that Corona Hard Seltzer was not "Beer" under the terms of the 2013 Final Judgment might prompt the jury to defer to DOJ's views rather than interpret the definition of "Beer" under the Sublicense. *See id.* And the District Court risked sowing more confusion by admitting the evidence because it would have had to distinguish DOJ's "clear and convincing" legal standard for prosecution from the preponderance of evidence standard used at trial, and thereby "divert[] into an inquiry into an entirely different incident." *Lore v. City of Syracuse*, 670 F.3d 127, 173 (2d Cir. 2012) (quotation marks omitted). We accordingly affirm the District Court's discretionary decision to exclude the evidence.

## CONCLUSION

We have considered Modelo's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court